File Name: 05a0917n.06
Filed: November 18, 2005

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

**No. 04-2528**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

UNITED STATES OF AMERICA,

    *Plaintiff-Appellee,*

v.

LLEWELLYN DARRELL JONES,

    *Defendant-Appellant*.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF MICHIGAN

_____/

**BEFORE**:    **DAUGHTREY and COLE, Circuit Judges, and JOHN G. HEYBURN II, Chief District Judge**[*]

    **JOHN G. HEYBURN II, CHIEF DISTRICT JUDGE**.  The defendant, Llewellyn Jones, pleaded guilty to possessing a firearm while subject to a personal protection order, in violation of the provisions of 18 U.S.C. § 922(g)(8).  In that plea, he explicitly reserved the right to challenge the district court's denial of his motion to suppress the firearm officers recovered from his vehicle.  Jones now asserts that the search of his van and the resulting seizure of the weapon violated the Fourth Amendment because "the vehicle was outside the area from within which defendant could obtain a weapon or destroy evidence," and "because it was not reasonable to believe that evidence relevant to the crime of arrest would be found in the vehicle."  Although the United States Supreme

_____

[*]The Honorable John G. Heyburn II, Chief United States District Judge for the Western District of Kentucky, sitting by designation.

Court case *Thornton v. United States*, 541 U.S. 615, 124 S. Ct. 2127 (2004), expressly declined to

resolve either of those two questions definitively, we believe that its holding requires that we affirm

the denial of Jones's motion to suppress.

I.

On appeal, the government and the defendant no longer contest the underlying facts. Jones

was charged in December 2003 with uttering and publishing counterfeit currency and an arrest

warrant was issued. In an effort to serve that warrant, law enforcement officials followed Jones from

his home to the Genessee County (Michigan) Circuit Courthouse where he was late for an

appointment in another case. When the defendant parked his car in a private parking lot near the

courthouse, the officers attempted to prevent Jones from leaving the area. As the defendant exited

his vehicle, Special Agent Ryan Van Dusen of the United States Secret Service approached him

within "a matter of seconds, enough for him to shut the door and walk away from the car" and

arrested him approximately "10 to 15 feet" from the defendant's vehicle. Jones was then handcuffed

and physically restrained from returning to his car. Van Dusen took the defendant's keys, unlocked

the vehicle, and observed a handgun underneath the driver's seat. Another law enforcement officer

confiscated the weapon before Jones's car was impounded.

Jones was indicted for a violation of 18 U.S.C. § 922(g)(8).[1] Jones moved to suppress the

gun that served as the basis for the federal offense, alleging that the search for and seizure of the

---

[1]Pursuant to the provision of 18 U.S.C. § 922(g)(8), a person subject to a court order like the one issued against Jones may not "ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or . . . receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

weapon violated his Fourth Amendment protections. The district judge denied that motion, relying in part upon the Supreme Court's decision in *Thornton*. Jones then entered a conditional guilty plea, explicitly reserving the right to challenge on appeal the decision denying his motion to suppress.

II.

We review a district court's factual findings on a suppression motion for clear error and its legal conclusions de novo. *United States v. Haynes*, 301 F.3d 669, 676 (6th Cir. 2002). Moreover, on appeal, the court "must consider the evidence in the light most favorable to the government." *Id*. The Government concedes that a warrantless search occurred when Van Dusen searched Jones's van. Federal courts have long recognized that "[w]arrantless searches are per se unreasonable under the fourth amendment, except in a few carefully delineated instances." *United States v. Radka*, 904 F.2d 357, 360 (6th Cir. 1990) (citing *Katz v. United States*, 389 U.S. 347, 357 (1967)). The Government contends that the exception recognized in *New York v. Belton*, 453 U.S. 454 (1981), and interpreted in *Thornton* applies in this case. We agree.

In *Belton*, the Court held that, "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." *Belton*, 453 U.S. at 460. The defendant in that case was stopped for a traffic offense and was subsequently ordered out of the car and arrested. *Id*. at 454-55. Even though the defendant was physically outside the vehicle at the time it was searched, the Court held that the officers had conducted a valid search incident to arrest. *Id*. at 462-63.

In *Thornton*, the Court addressed a situation in which the defendant was not in his vehicle at the time the police arrived at the scene. Instead, as in this case, the defendant parked his car and

excited the vehicle shortly before being accosted by the police. *Thornton*, 541 U.S. at __, 124 S.Ct. At 2129. The Court held that "so long as an arrestee is the sort of 'recent occupant' of a vehicle such as petitioner here, officers may search that vehicle incident to the arrest." *Id*. 541 U.S. at __, 124 S.Ct. at 2132 (footnote omitted).

At issue in this case is whether Jones is "the sort of 'recent occupant'" envisioned by the *Thornton* majority. The Court expressly declined to define the term, s*ee id.,* 541 U.S.__, 124 S.Ct. at 2131 n.2, and although the Court noted that "an arrestee's status as a 'recent occupant' may turn on his temporal or spatial relationship to the car at the time of the arrest and search," *id.*, 541 U.S. __, 124 S.Ct. at 2131, the Court never specified the physical distance between the defendant and his car at the time he was arrested or the amount of time that had elapsed since he had exited his car.

## A.

Jones argues that he was not a "recent occupant" of his vehicle, because he was not within reaching distance of the van at the time he was arrested. Citing *Chimel v. California*, 395 U.S. 752 (1969), Jones argues that unless "recent occupant" is limited to persons within reach of their vehicles, the *Belton* exception would extend beyond its justification and permissible scope. In *Chimel* the Court held that a lawful search incident to arrest was justified by two concerns: (1) "to remove any weapons that the latter might seek to use in order to resist arrest or effect his escape;" and (2) "to search for and seize any evidence on the arrestee's person in order to prevent its concealment or destruction." *Id*. at 763. Accordingly, the Court held that an officer may search "the area 'within his immediate control'–construing that phrase to mean the area from within which he might gain possession of a weapon or destructible evidence." *Id*.

However, twelve years later, the *Belton* court found the *Chimel* approach unworkable as applied to the arrest of an occupant of a motor vehicle. *Belton*, 453 U.S. at 460. The defendant in that case had, prior to the search of the car, been removed from the vehicle, arrested and isolated. *See id*. at 456. Thus, there was little, if any, chance that he could have grabbed either evidence or a weapon under the watchful eyes of the law enforcement officers. Nevertheless, the Court held that the search of the defendant's car was permissible. *Id*. at 462-63.

Similarly, in *Thornton*, the defendant had been handcuffed and placed in the back seat of the patrol car before the officers began the search of his vehicle. *Thornton*, 541 U.S. __, 124 S.Ct. at 2129. Thus, "[t]he risk that he would nevertheless 'grab a weapon or evidentiary ite[m]' from his car was remote in the extreme." *Id*., 541 U.S. at __, 124 S.Ct. at 2133 (Scalia, J., concurring in the judgment). The majority recognized that "not all contraband in the passenger compartment is likely to be readily accessible to a 'recent occupant.'" *Id*., 541 U.S. at __, 124 S.Ct. at 2132. However, the Court held that the search was justified by a concern for officer safety. The Court reasoned that "[a] custodial arrest is fluid and '[t]he danger to the police officer flows from the fact of the arrest, and its attendant proximity, stress, and uncertainty.'" *Id*., 541 U.S. at __, 124 S.Ct. at 2131 (citation and emphasis omitted).

The Court emphasized that in applying the *Belton* exception, courts should avoid rules that require officers to make subjective, fact-specific determinations in the field; rather, *Thornton* stressed "[t]he need for a clear rule, readily understood by police officers." *Id*., 541 U.S. at __, 124 S.Ct. at 2132. Consequently, *Thornton* made clear that the *Belton* exception is not dependent upon "estimates of what items were or were not within reach of an arrestee at any particular moment."

*Id.*

Given the Supreme Court's directive in *Thornton*, the search of the defendant's vehicle is permissible under the Fourth Amendment. The defendant had exited his vehicle seconds before the officers approached him and he stood just ten to fifteen feet away while they searched it. Although an arrestee's status as a "recent occupant" may depend on "his temporal or spatial relationship to the car at the time of the arrest and search," *Thornton.,* 541 U.S. __, 124 S.Ct. at 2131, it does not require that he be within reach of the automobile. That the vehicle was outside the defendant's "grab area" after he was arrested and handcuffed does not require suppression of the evidence found upon entry of the vehicle.

### B.

There is also no merit to Jones's second claim that the search must be invalidated because there was no reason to believe evidence of a crime would be hidden within the vehicle. As the Supreme Court made clear in *Thornton*, "[o]nce an officer determines that there is probable cause to make an arrest, it is reasonable to allow officers to ensure their safety and to preserve evidence by searching the entire passenger compartment." *Id.*, 541 U.S. at __, 124 S.Ct. at 2131. Indeed, in *Belton*, the Court quoted with approval that portion of its decision in *United States v. Robinson*, 414 U.S. 218, 235 (1973), that stated "[a] custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment; *that intrusion being lawful, a search incident to the arrest requires no additional justification*." (emphasis added). Thus although Jones's approach was adopted by Scalia in his concurring opinion in the *Thornton* decision, *Thornton*, 541 U.S. at ___, 124 S.Ct. at 2137 (Scalia, J., concurring in the judgment), the question is not open for

lower courts such as ours to reconsider.

The judgment of the district court is AFFIRMED.